UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EL MAURO RAZIN ALI, ex rel. Kale Cofield,

                Plaintiff,

v.                                                                                         1:22-CV-0944
                                                                                           (GTS/ATB)

JEREMY LIGGETT, Traffic Enforcement; ADAM
NOWICKI, Lieutenant; ERIC CLIFFORD, Chief of
Police; and CHRISTOPHER KUGLAR, H&R Towing,

                Defendants.
_____

APPEARANCES:

EL MAURO RAZIN ALI
   Plaintiff, *Pro Se*
c/o 27 Lafayette Street
Schenectady, New York 12305

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by El Mauro Razin Ali ("Plaintiff") against the four above-captioned individuals ("Defendants") are (1) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed "without prejudice, but without the opportunity for amendment," and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 6, 9.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety.

**I.     STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, and Plaintiff's Complaint is *sua sponte* dismissed without prejudice. To those reasons, the Court adds only three brief points.

First, in response to Plaintiff's Objection that "traveling without license plates . . . [is] not [an] arrestable offense[]" (Dkt. No. 9, at 2), he is advised that whether or not a violation may result only in an appearance ticket under New York State law does not control the outcome of a false arrest claim under 42 U.S.C. § 1983, because such a claim turns on a violation of the Fourth

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Amendment, not New York State law. *Picciano v. McLoughlin*, 723 F. Supp.2d 491, 503-04 (N.D.N.Y. 2010) (Suddaby, J.); *Williams v. Schultz*, 06-CV-1104, 2008 WL 4635383, at *7-9 (N.D.N.Y. Oct. 16, 2008) (Lowe, M.J., adopted by Hurd, J.).

Second, in response to Plaintiff's reliance on an August 2017 internet article presenting a list of what are purportedly "U.S. Supreme Court and other high court citations proving that no license is necessary for normal use of an automobile on common ways" (Dkt. No. 9, at 7), he is advised that the primary case relied on by the article does not, in fact, support such a point of law. *See Thompson v. Smith*, 155 Va. 367, 378 (Va. 1930) ("The regulation of the exercise of the right to drive a private automobile on the streets of the city may be accomplished in part by the city by granting, refusing, and revoking, under rules of general application, permits to drive an automobile on its streets; but such permits may not be arbitrarily refused or revoked, or permitted to be held by some and refused to other of like qualifications, under like circumstances and conditions.").

Third, because the pleading defects in Plaintiff's claims are substantive, the Court finds that no need exists to give him an opportunity to amend his claims before dismissal.[5] Having said that, out of special solicitude to Plaintiff, the Court will dismiss his claims only without prejudice (to refiling in another action).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 6) is

---

[5] The Court notes that it uses the words "before dismissal" and not "after dismissal," because "the Court has difficulty understanding how, if it were to dismiss the Complaint now, it could properly be said to retain jurisdiction over the action so as to enable Plaintiff to file an Amended Complaint." *Wilmer v. Albany Cnty. Police*, 19-CV-1416, 2020 WL 137240, at *1 & n.2 (N.D.N.Y. Jan. 13, 2020) (Suddaby, C.J.).

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** without **prejudice.**

Dated: November 14, 2022
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge